# United States District Court for the District of Massachusetts

| | |
|---|---|
| In re ) | |
| ) | |
| CADKEY Corporation, ) | |
| Debtor ) | |
| ) | |
| Robert White - Pro Se, ) | File No. **04-40208 NMG** |
| Appellant ) | |
| ) | |
| v. ) | |
| ) | |
| Official Committee of ) | |
| UnsecuredCreditors, ) | |
| Appellee ) | |

## Motion to Expedite Appeal

I, Robert White, Pro Se, and Appellant in this case request this Court to expedite its ruling in this appeal. This appeal is taken from the Bankruptcy Court's denial of Appellant's Motion to Vacate the Sale Order (a 60(b) motion). At the same time Appellant filed his Motion to Vacate in the Bankruptcy Court, Appellant also had a prior appeal of the Sale Order pending in this Court (03-40279). The Bankruptcy Court denied Appellant's Motion to Vacate without holding a preliminary hearing, citing the need for the court to quickly resolve 60(b) motions in cases already on appeal. Coincidentally, this Court ruled on and dismissed Appellant's prior appeal (03-40279) at the same time Appellant filed this instant appeal of his 60(b) motion. As a result, Appellant was denied even a preliminary a hearing on his Motion to Vacate in Bankruptcy Court without enjoying the benefit of consolidating his two appeals in this Court.

In the mean time, the Bankruptcy Court has granted another unsecured creditor in this case, Harold Bowers, the right to an evidentiary hearing on Bowers' Motion to Vacate, which is similar to Appellant's Motion to Vacate. If this Court were to expedite this instant appeal and by chance remand this case for an evidentiary hearing, there is time for Appellant to join Bowers'

evidentiary hearing. If instead, this Court were to expedite this appeal and affirm the Bankruptcy Court's denial of Appellant's Motion to Vacate, Appellant could appeal to the Circuit Court and ask that Court to consolidate all of Appellant's appeals in this case.

Appellant makes this request to expedite this appeal in the interest of judicial efficiency. Appellant believes it is somewhat likely this Court might want to protect Appellant's minimum right to due process by remanding this case to the Bankruptcy Court for at least a preliminary hearing, if not a full evidentiary hearing, neither of which Appellant has been afforded. If remand is not appropriate, Appellant should at least be afforded the opportunity to consolidate all his appeals in the Circuit Court, and Appellant is quickly losing this opportunity to consolidate as his briefs become due in the Circuit Court.

Wherefore all these reason, Appellant asks this Court to expedite its ruling in this appeal.

Respectfully submitted on April 27, 2005 by

*Robert White*
Robert White – Pro Se

## United States District Court for the District of Massachusetts

| | |
|---|---|
| In re ) | |
| ) | |
| CADKEY Corporation, ) | |
| Debtor ) | |
| ) | File No. **04-40208 NMG** |
| Robert White - Pro Se, ) | |
| Appellant ) | |
| ) | |
| v. ) | |
| ) | |
| Official Committee of ) | |
| Unsecured Creditors, ) | |
| Appellee ) | |

## CERTIFICATE OF SERVICE

I, Robert White - Pro Se, hereby certify that on April 27, 2005, I served copies of my **Notice of Change of Address and Motion to Expedite Appeal** on the following parties by way of US Mail.

### Service List

The Official Committee
of Unsecured Creditors and
Attorney for the Chapter 7 Trustee

Michael J. Goldberg, Esq., Sherin and Lodgen LLP
101 Federal Street
Boston, MA 02110

CADKEY Corporation
Debtor

James Wilton, Esq. Ropes and Gray, LLP
One International Place
Boston, MA 02110

Kubotek Corporation

John Loughnane, Esq. Gadsby Hanna LLP
225 Franklin Street
Boston, MA 02110

MCS

Livingston Davies, Esq.
P.O. Box 367
Duxbury, MA 02331

*Robert White*
Robert White - Pro Se
243 N. Maple Ave.
Manteca, CA 95336