United States District Court
District of Massachusetts

IN RE CK LIQUIDATION CORPORATION,
f/k/a CADKEY CORPORATION,

Debtor,

ROBERT WHITE,

Appellant,

v.

JOHN A. BURDICK, JR., Trustee,

Appellee.

Bankruptcy Appeal No.
04-40208-NMG

## MOTION TO RECONSIDER

## Motion to Reconsider

Appellant, Robert White, Pro Se, asks this Court to reconsider its Memorandum and Order, entered in this case on September 12, 2005. This Court made three significant math errors in excess of $500,000 when evaluating the amount of missing dividend which Appellant claims estate counsel is concealing.

First, in the middle paragraph on page 7 of the Memorandum this Court reasons, "Because professional fees were not included in those figures, it was painfully obvious that they would necessarily be subtracted from the $750,000". This rationale ignores the $250,000 in retainers held by the debtor's counsel at the time of the November 6, 2003 sale hearing, which estate counsel did not disclose, and more importantly, which estate counsel did not report as property of or value to the estate at that sale hearing. It was not painfully obvious that the debtor's counsel's fees would exceed his $250,000 retainer to deplete the $750,000 available for creditors; which is a position this Court seems to agree with in footnote "1".

Second, this Court miscalculated the amount of money estate counsel affirmed would be left in the estate after the sale. On page three of the Memorandum, this Court acknowledges that estate counsel testified "Then the cost of appeal, which I - is the full two fifty, we're still netting $750,000 for distribution to creditors." By this testimony estate counsel confirmed there would be $1 mil. left

1

in the estate after initial costs were paid; $750,000 for creditors and $250,000 to defend against Appellant. Then, on page 8 of the Memorandum this Court recognizes, "The Trustee asserts that the majority of the fund remains unspent." If the majority of the defense fund remains unspent, there should still be $ 1 mil. left in the estate, not just $750,000. The Bankruptcy Court and this Court are saying that the $700,000 remaining in the estate is not materially different from the $1 mil. that estate counsel said would be left.

Third, the total amount of money missing from the estate, which estate counsel knew would be deducted later, which estate counsel did not disclose at the sale hearing was $737, 000. $250,000 of undisclosed estate funds were paid to the debtor's counsel which were held as a retainer. Another $213,000 of undisclosed estate funds were paid to the debtor's counsel out of the estate's cash on hand. $63,000 of undisclosed funds were paid to the sales agent. $111,000 of undisclosed funds were paid to the creditors committee counsel, with $50,000 of non-defense work yet to be billed; and, the Trustee will charge the estate $50,000 to distribute the $800,000 in estate funds which have been in his charge.

This Court misses the validity of these calculations. The estate held $1,350,000 in cash on hand after the sale, however, estate counsel and the courts have only properly accounted for the $750,000 available to creditors. Another

2

$250,000 was "held" as a retainer, $250,000 was "reserved" as a defense fund, and $100,000 "in adjustments" flowed back into the estate from the buyer. Of the $1,350,000 originally present, minus the $737,000 actually spent by estate counsel, minus the $250,000 defense fund, leaves the $365,000 remaining in the estate revealed by Appellant. This Court can obviously rule how to spend this money. Appellant only asks at this point that this Court accurately account for where all this money really went.

It is Appellant's position that an expedited sale of all the debtor's assets has to benefit the creditors, not the debtor. The debtor is liquidating, ceases to exist, enjoys no benefit, and exercises no "good business judgment" by definition. In order to measure the benefit to creditors, which the Bankruptcy Court must do, the dividend must be expressed as more than an estimate, and estate counsel should never be allowed to deplete the estate below the amount they represent will be available to creditors. In other words, the ongoing full and good faith disclosure requirements of bankruptcy dictate that an accurate accounting of the creditors' dividend must be expressed in the record before an expedited 363 sale of all the debtor's assets will be endorsed; anything less is fraud, or possibly mistake.

In regards to all the mistakes that estate counsel have made in representing the amount of dividend available and/or promised to unsecured creditors in this

3

case, Appellant asks this Court to remand this case to the Bankruptcy Court for an immediate evidentiary hearing, without further discovery or delay, whereby Appellant would be afforded his "due process rights" to amend his complaint to conform to proof at that trial that estate counsel committed "mistake" by inaccurately reporting the dividend available to unsecured creditors, which the sale order was predicated upon.

Respectfully submitted on this 20th day of September, by

*Robert White*
Robert White- Pro Se

United States District Court
District of Massachusetts

IN RE CK LIQUIDATION CORPORATION,
f/k/a CADKEY CORPORATION,

Debtor,

ROBERT WHITE,

Appellant,

v.

JOHN A. BURDICK, JR., Trustee,

Appellee.

Bankruptcy Appeal No.
04-40208-NMG

CERTIFICATE OF SERVICE

I, Robert White, hereby certify that on this 20th day of September, 2005, I served a copy of Appellant's MOTION TO RECONSIDER by mailing the same, postage prepaid to the parties identified on the following Service List.

September 20, 2005

*[signature: Robert White]*

Robert White - Pro Se
243 - A  N. Maple Ave.
Manteca, CA 95336

Voice: (209) 825-6115

## **SERVICE LIST**

Michael J. Goldberg, Esq.
Cohn, Whitesel, and Goldberg
101 Arch Street
Boston, MA  02110

James Wilton, Esq.
Ropes and Gray, LLP
One International Place
Boston, MA  02110

John Loughnane, Esq.
Gadsby Hanna LLP
225 Franklin Street
Boston, MA  02110

John A. Burdick Jr.
340 Main Street, Suite 800
Worcester, MA 01608

Office of the United States Trustee
Attn: Richard King, Esq.
Franklin Square Tower
600 Main Street, Suite 200
Worcester, MA 01608

Paul R. Salvage, Esq.
Bacon & Wilson. P. C.
33 State Street
Springfield, MA 01103