UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04-40208-NMG

───────────────────────────────────────────────────────────

ROBERT WHITE,

Appellant,

v.

CHAPTER 7 TRUSTEE,

Appellee.

───────────────────────────────────────────────────────────

ON APPEAL FROM AN ORDER OF
THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

───────────────────────────────────────────────────────────

**APPELLEE'S OPPOSITION TO APPELLANT'S
MOTION TO RECONSIDER**

John A. Burdick (the "Trustee"), the Chapter 7 trustee of CK Liquidation Corporation (the "Debtor"), hereby opposes the Motion to Reconsider dated September 20, 2005 (as amended[1], the "Motion") filed by Robert White ("White").  As grounds therefor, the Trustee states that the Motion: (1) fails to state any basis for reconsideration; and (2) is a frivolous exercise by White to repeat arguments that were properly considered and rejected by this Court in its Memorandum and Order.  In support of this Opposition, the Trustee states:

1.      On September 12, 2005, this Court entered its Memorandum and Order, affirming the Bankruptcy Court's Orders denying White's Motion to Vacate the Sale Based on Fraud on the Court, denying White's Motion to Reconsider its Denial of White's Motion to Vacate, and

─────────────────────

[1] The Appellant filed an Amendment to Motion to Reconsider dated September 24, 2005.

allowing the Chapter 7 Trustee's Correction to his Opposition to Vacate Sale Order.  As a result, the Court dismissed this appeal.

2.      Thereafter, White filed the Motion.  The Motion does not provide any basis for reconsideration, but instead merely repeats arguments that this Court has previously considered and rejected.  Assuming White seeks relief pursuant to Fed. R. Civ. P. 60(b),[2] he fails to provide any justification for reconsideration under that rule.  Pursuant to Fed. R. Civ. P. 60(b), a party seeking reconsideration must allege circumstances such as mistake, inadvertence, surprise, newly discovered evidence, fraud, misrepresentation, misconduct of an adverse party or, under Rule 60(b)(6), "any other reason justifying relief from the operation of the judgment."[3]

3.      In the Motion, White does not mention Rule 60(b), or any of the circumstances that would provide a basis for relief.  Instead, White requests that this Court reconsider its Memorandum and Order because of (1) alleged "math errors;" and (2) the denial of his "due process rights."  However, both of these arguments were raised in White's brief and both were rejected by this Court.  Accordingly, the Motion should be denied. See Geo P. Reintjes Co., Inc. v. Riley Stoker Corp., 71 F.3d 44, 49 (1st Cir. 1995) (citing 7 J. Moore, Moore's Federal Practice ¶ 60.37 (1995)) (a motion under Rule 60(b) cannot be used as a vehicle to relitigate matters previously decided by the court).

4.      The alleged "math errors" are not incorrect calculations by this Court, but simply a means for allowing White to repeat his unfounded argument that there will be only $365,000 available for unsecured creditors.  White made this exact argument in his brief under the heading

---

[2] The Trustee questions whether a Motion to Reconsider is even procedurally appropriate.  In any event, as discussed herein, White fails to meet the standard for reconsideration as set forth in Fed. R. Civ. P. 60(b).

[3] To justify relief under Rule 60(b)(6), a party must show "extraordinary circumstances" warranting reconsideration. Pioneer Investment Services v. Brunswick Associates, 507 U.S. 380, 393 (1993).  White makes no reference to Rule 60(b), and, in any event, has not demonstrated that any circumstances exist, much less extraordinary circumstances, warranting reconsideration.

"There Really Will Be Only $365K Left in the Estate for Unsecured Creditors."  Appellant's

Brief at pp. 5-7.  As this Court has already concluded,  "White's contention that only $365,000

will be available for unsecured creditors is ironic and potentially misleading."  Memorandum and

Order at p. 8.

      5.      Similarly, in direct contradiction to this Court's ruling, White again argues that his

right to due process has been violated.  As this Court has already stated, that issue has been

waived:

> With respect to White's contention that his due process rights were violated, he
> has failed to raise the issue before the Bankruptcy Court and it is, therefore,
> waived.

Memorandum and Opinion at p. 8 (citing In re Weinstein, 217 B.R. 5, 8 (D. Mass. 1998)).  By

raising this argument again, White is merely exposing the Motion for what it is – another

frivolous and baseless motion.

      6.      The Motion provides no circumstances that would give the Court a reason or a

legal basis to change its view.  Accordingly, it should be denied.


Dated:  October 4, 2005                JOHN A. BURDICK,
                                      CHAPTER 7 TRUSTEE

                                      By his counsel,


                                         /s/ Christopher M. Candon
                                      Michael J. Goldberg (BBO #551869)
                                      Christopher M. Candon (BBO #650855)
                                      COHN WHITESELL & GOLDBERG LLP
                                      101 Arch Street
                                      Boston, MA 02110
                                      Tel: (617) 951-2505
                                      Fax: (617) 951-0679
                                      Email: candon@cwg11.com

<u>**CERTIFICATE OF SERVICE**</u>

I, Christopher M. Candon, hereby certify that on October 4, 2005, I caused copies of the

foregoing **Appellee's Opposition to Appellant's Motion to Reconsider** to be served by first

class mail upon the parties on the service list below.

<u>SERVICE LIST</u>

Robert White
243-A North Maple Avenue
Manteca, CA 95336

John A. Burdick, Esq.
340 Main Street, Suite 800
Worcester, MA 01608

James Wilton, Esq.
Ropes & Gray, LLP
One International Place
Boston, MA 02210

John Loughnane, Esq.
Gadsby Hanna LLP
225 Franklin Street
Boston, MA 02210

Harold Bowers
215 N. Auburndale Street
Memphis, TN 38112

Richard E. Mikels, Esq.
Timothy J. Langella, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111

Office of the United States Trustee
Attn: Richard King, Esq.
Franklin Square Tower
600 Main Street, Suite 200
Worcester, MA 01608

    /s/ Christopher M. Candon
_____

Christopher M. Candon (BBO #650855)
COHN WHITESELL & GOLDBERG LLP
101 Arch Street
Boston, MA 02110
Tel: (617) 951-2505
Fax: (617) 951-0679
Email: *candon@cwg11.com*

g:\data\960P\Response to mo to reconsider